IN THE MATTER OF THE HABEAS CORPUS ON THE PETITION OF CON-
STANCE B. PRICE FOR THE CUSTODY OF LILLIE M. PRICE,
AN INFANT.

*Habeas corpus proceedings — effect on, of an adjudication in a prior proceeding.*

The petitioner instituted proceedings at a Special Term, held at Sandy Hill, to
recover possession of her child. Subsequently they were adjourned. On
November twenty-fourth the parties stipulated for a further postponement,
the attorney for petitioner further stipulating that she would not sue out any
other writ or take any proceedings to obtain the custody of the child until
the final decision of the pending proceedings. Subsequently the petitioner
changed her attorney, and the new attorney notified the attorney for respond-
ent and the justice that the petitioner discontinued and abandoned the
proceedings.
At the adjourned hearing, both parties being present, the respondent objected
that the proceedings could not, under the circumstances, be discontinued by
the petitioner, and the justice so held, and again adjourned the proceedings.
Upon the adjourned day, no counsel appearing for the petitioner, although he
had been duly notified to attend, it was adjudged that the petitioner was not,
but that the respondents were, entitled to the custody of the child. Subse-
quently the same petitioner instituted these proceedings against the same
persons in the first department.
*Held,* that the adjudication made in the first proceedings could only be reviewed
by *certiorari,* and was a bar to these proceedings which should be dismissed.

APPEAL from an order quashing a writ of *habeas corpus* and dis-
missing the proceedings thereon.

*Roger A. Pryor,* for the appellant.  Assuming for argument the
validity of respondent's contention, namely, that the withdrawal or
countermand of the proceeding did not *ipso facto* determine it, still
after such countermand, etc., the court had no other authority over
it than to dismiss it with costs.  (*Foster* v. *Milliner,* 50 Barb., 395;
*Thompson* v. *Erie,* 9 Abb. [N. S.], 240; *Bates* v. *James,* 1 Duer,
668; *Walkenshaw* v. *Perzel,* 32 How., 310; *Taylor* v. *Shew,* 54 N.
Y., 77; *Mail Co.* v. *Flanders,* 12 Wall. [U. S.], 135; *Hornthall*
v. *Collector,* 9 id., 560.)  Clearly the court had no power to try the
case on the merits, and pronounce a definitive and conclusive judg-
ment.  The judgment is a nullity.  (*People* v. *Liscomb,* 60 N. Y.,

560; *Ex parte Lange*, 18 Wall. [U. S.], 163.) In any event, though the judgment be valid, it is not *res judicata* and a bar to the present proceeding. (*People* v. *Brady*, 56 N. Y., 182; *People* v. *Connor*, 64 id., 482; *People* v. *Fancher*, 1 Hun, 28; *People* v. *Mercein*, 3 Hill, 416; *Ex parte Kane*, 3 Blatch. C. C., 1; *In re Perkins*, 2 Cal., 430; *In re Ring*, 28 id., 251; *Rex* v. *Paty*, 2 Salk., 503; *Ex parte Partington*, 13 M. & W., 683; *Rex* v. *Suddis*, 1 East, 314; *Burdett* v. *Abbott*, 14 id., 92; *Ex parte Mitchell*, 1 La. Ann., 413; *Bell* v. *Miller*, 4 Gill, 304; *Ex parte Robinson*, 6 McLean, 364; *Commonwealth* v. *Biddle*, 6 P. C. J., 288; *Webster* v. *Fox*, 7 id., 227; Wharton's Digest, "Habeas Corpus"; *Commonwealth* v. *Jones*, 3 S. & R., 167; *Maria* v. *Kirby*, 12 B. Mon. [Ky.], 550; 1 Am. L. Reg., 515, note 1; Ingersoll on Habeas Corpus, 33; Hurd on Habeas Corpus, 567, *et seq.*)

*Charles Hughes*, for the respondent. The relator was estopped from applying for this writ by her stipulation, signed by her attorneys in the *habeas corpus* proceedings at Special Term, before Justice POTTER. (*Dezell* v. *Odell*, 3 Hill, 215; *Radway* v. *Graham*, 4 Abb., 468; opin. by BRADY, J.; *Oakley* v. *Aspinwall*, 2 Sandf., 7; *Young* v. *Bushnell*, 8 Bosw., 1; 15 N. Y., 587; 2 How., 121; *Cox* v. *N. Y. C. R. R. Co.*, 63 N. Y., 414–419.) The application to put off the hearing was within the general authority of the attorney, and it must be assumed that it was made in this case in the interest of the petitioner. (See 63 N. Y., 414, and cases cited; *Gorham* v. *Gale*, 7 Cow., 739–744.)

DANIELS, J.:

The order appealed from was made because of the effect attributed to another similar proceeding, which had been heard and decided before Mr. Justice POTTER at Special Term held at the court-house, in the village of Sandy Hill. That was instituted by the same applicant and relator against the same parties to obtain the custody of her infant daughter. An issue of fact was joined upon the return then made to the writ, the hearing of which was adjourned to be heard at a future day before Mr. Justice POTTER, at Whitehall. On the 24th day of November, 1876, which was the time designated for such hearing, the attorneys of the parties stipulated for a further

postponement of the case until the 20th of December, 1876, at the same place, provided the justice could then hear it, and if he could not, then to such further time as he should appoint, and of which ten days' notice should be given to the petitioner's attorney ; and as an inducement to such postponement it was further stipulated that she would sue out no other writ nor take any other proceedings to obtain the custody of the child, until a final decision on the writ and proceedings then pending should be made and rendered. Before the time mentioned in the stipulation arrived, the relator changed her attorneys, and a notice was given by her substituted attorney to the attorneys representing the respondents, and also to Mr. Justice POTTER, stating that she abandoned, withdrew, discontinued and countermanded the petition and writ and all the proceedings thereon, at the time and place mentioned in the stipulation. The parties appeared before a Special Term held by Mr. Justice POTTER and his attention was called to the order of such substitution and the fact of the service of the notice given on behalf of the relator, and substantially he was requested to go no further with the proceeding ; but the counsel for the respondents objected that it could not be withdrawn or discontinued under the circumstances, and the learned justice so held, and further postponed the hearing. Notice was given to the relator and her attorney, who was the learned counsel for her upon the present appeal, of such postponement, but at that time she failed to appear and the case was heard *ex parte* on the motion of the respondents, and on that hearing an adjudication was made by the court at Special Term, definitely holding and adjudging that the applicant was not, but the respondents were lawfully entitled to the custody of the child, and awarding costs against her. The proceeding was regularly instituted and conducted certainly down to the period when the notice was served stating that they were discontinued, and upon that and the stipulation, at the time and place fixed by agreement for the hearing, the question was presented to the court whether a legal discontinuance had been effected. Both the subject-matter and the parties by their representatives were before the court, and that supplied the basis of jurisdiction for the consideration and decision of the dispute which had then arisen. It was then decided, and probably on the validity and effect of the stipulation, and the court held the case was not disposed of by the

notice afterwards served. It is not necessary to determine whether the same rules should be applied to such a proceeding as prevails in an action, and which cannot be discontinued by a mere notice without an order (*Averill* v. *Patterson*, 10 N. Y., 500), nor whether the court was strictly right in the conclusion adopted. No opinion is required to be expressed or indicated upon either subject, because the court had jurisdiction of the case, and the legal accuracy of the decision for that reason cannot be assailed in another proceeding. The statute of the State has provided another course for that purpose by means of the writ of *certiorari* (3 R. S. [5th ed.], 892, §§ 85, 86), and for that reason where the writ may be issued for the determination of the right to the custody of an infant child and such a determination has been made, it has been held to be a bar to the prosecution of another similar proceeding as long as it remains unreversed. (*Mercein* v. *People*, 25 Wend., 64.) Both the opinions delivered in the Court of Errors agreed in this conclusion, and the rule stated, as it was deemed to be sustained by the cases, was that wherever a final adjudication of an inferior court of record or of an inferior court not of record, or of persons invested with power to decide on the property and rights of the citizen is examinable by the Supreme Court upon a writ of error or *certiorari*, in every such case such final adjudication may be pleaded as *res adjudicata*, and is conclusive upon the parties in all future controversies relating to the same matter. (Id., 100.) In the case of *People* v. *Brady* (56 N. Y., 182) the writ was dismissed, and no further determination was made upon the rights of the relator than could be implied from that direction, and it was held not to be a bar to another application. But in making the decision care was observed to avoid the extension of the determination so far as to include such a case as that now before the court. (Id., 192.) If the position taken in support of this appeal should be sustained, then nothing would prevent the trial of the controversy before every Special Term in the State, and even that would not necessarily result in any obligatory adjudication as to either of the parties. Each might in the same manner assail what might be adjudged in favor of the other, and the question as to the legal custodian of the child could only become settled by the exhaustion of one or both of the parties. Such a practice would justly scandalize the administration of the law, by fostering endless

legal controversies concerning the same state of facts. If the case had simply been dismissed, as it probably would have been without the stipulation, which there was nothing before the court making the decision to show had been unauthorized, the point would have been different; but with that in apparent force, the facts were sufficient to afford the court jurisdiction to decide that the notice of abandonment and discontinuance was ineffectual, and accordingly to warrant it to proceed and hear the case as it had been stipulated, that should be done. The order appealed from was right, and it should be affirmed with ten dollars costs and the disbursements on the appeal.

Davis, P. J., and Brady, J., concurred.

Order affirmed, with ten dollars costs and disbursements.